

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

GORDON VANCE JUSTICE, JR.; SHARON BYNUM;
MATTHEW JOHNSON; ALISON KINNAMAN AND
STANLEY O'DELL,

      Plaintiffs,

v.

Civil Action No. 3:11CV138-A-A

DELBERT HOSEMANN, in his official capacity as
Mississippi Secretary of State; JIM HOOD, in his
official capacity as Attorney General of the State
of Mississippi,

      Defendants.

---

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

### INTRODUCTION

1.    This case is a First Amendment challenge to campaign finance laws that burden the rights of ordinary people to band together and speak effectively about proposed ballot measures in the State of Mississippi. The Plaintiffs are five Mississippi residents who wish to associate with one another and with others to speak out in favor of the passage of Initiative 31 in the upcoming election on November 8, 2011.

2.    The U.S. Supreme Court has repeatedly made clear that speech like Plaintiffs' is at the core of the First Amendment. But under Mississippi law, Plaintiffs can be fined or even jailed if they individually or collectively spend or receive more than

$200 to support or oppose a ballot initiative without registering with the state and complying with a host of burdensome regulations.

3.     This action challenges the provisions of Mississippi's campaign finance laws that require groups who spend or receive more than $200 on speech in support of a ballot initiative to register as "political committees" and to comply with onerous administrative, organizational, and reporting requirements in order to exercise their First Amendment rights.  This action also challenges the provisions of Mississippi's campaign finance laws that require individuals who spend more than $200 on ballot initiative speech to report personal information to the state in order to exercise their First Amendment rights.   Among other types of information, the mandatory reporting provisions challenged here require individuals and the members of groups who spend more than $200 on ballot issue speech to disclose their names, addresses, telephone numbers, occupations, and employers to state.

4.     These provisions violate the First Amendment by placing significant burdens on the rights to speech and association and by requiring the disclosure of sensitive personal information as a condition of speaking out about political issues.

**JURISDICTION**

5.     Plaintiffs bring this civil rights lawsuit pursuant to the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgments Act, 28 U.S.C. § 2201.  Plaintiffs seek injunctive and declaratory relief prohibiting the enforcement of the State's campaign finance laws, MISS. CODE ANN. §§ 23-15-801 *et seq*., and MISS. CODE ANN. §§ 23-17-47 to -59, to

2

themselves and to all groups and individuals who spend money to advocate for or against Mississippi ballot initiatives.

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

7.     Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8.     Plaintiff Gordon Vance Justice, Jr. wishes to associate with his fellow plaintiffs and with others in order to speak out more effectively in support of proposed Initiative 31 and in support of or opposition to other ballot issues in the future.  To this end, he wishes to spend in excess of $200 of his own money, individually or in combination with the other Plaintiffs, to speak in favor of Initiative 31 and in support of or opposition to other ballot issues in the future.  He is a resident of Oxford, Mississippi.

9.     Plaintiff Sharon Bynum wishes to associate with her fellow plaintiffs and with others in order to speak out more effectively in support of proposed Initiative 31 and in support of or opposition to other ballot issues in the future.  To this end, she wishes to spend in excess of $200 of her own money, individually or in combination with the other Plaintiffs, to speak in favor of Initiative 31 and in support of or opposition to other ballot issues in the future.  She is a resident of Oxford, Mississippi.

10.     Plaintiff Matthew Johnson wishes to associate with his fellow plaintiffs and with others in order to speak out more effectively in support of proposed Initiative 31 and in support of or opposition to other ballot issues in the future.  To this end, he wishes

3

to spend in excess of $200 of his own money, individually or in combination with the other Plaintiffs, to speak in favor of Initiative 31 and in support of or opposition to other ballot issues in the future. He is a resident of Oxford, Mississippi.

11.     Plaintiff Alison Kinnaman wishes to associate with her fellow plaintiffs and with others in order to speak out more effectively in support of proposed Initiative 31 and in support of or opposition to other ballot issues in the future. To this end, she wishes to spend in excess of $200 of her own money, individually or in combination with the other Plaintiffs, to speak in favor of Initiative 31 and in support of or opposition to other ballot issues in the future. She is a resident of Oxford, Mississippi.

12.     Plaintiff Stanley O'Dell wishes to associate with his fellow plaintiffs and with others in order to speak out more effectively in support of proposed Initiative 31 and in support of or opposition to other ballot issues in the future. To this end, he wishes to spend in excess of $200 of his own money, individually or in combination with the other Plaintiffs, to speak in favor of Initiative 31 and in support of or opposition to other ballot issues in the future. He is a resident of Oxford, Mississippi.

13.     Defendant Delbert Hosemann is the Mississippi Secretary of State. Pursuant to MISS. CODE ANN. §§ 23-15-813 and -815, the Secretary is responsible for prescribing rules and regulations to carry out the provisions of Mississippi's campaign finance laws, and for enforcing Mississippi's campaign finance statutes, rules and regulations. At all times relevant to this complaint, the Secretary was acting under color of state law. Plaintiffs sue the Secretary in his official capacity and seek only prospective declaratory and injunctive relief against him.

4

14. Defendant Jim Hood is the Mississippi Attorney General. Pursuant to MISS. CODE ANN. §§ 23-15-811 and -813, the Attorney General is responsible for enforcing Mississippi's campaign finance statutes, rules and regulations. Pursuant to MISS. CODE ANN. § 7-5-1, the Attorney General "shall intervene and argue the constitutionality of any statute when notified of a challenge thereto." At all times relevant to this complaint, the Attorney General was acting under color of state law. Plaintiffs sue the Attorney General in his official capacity and seek only prospective declaratory and injunctive relief against him.

## STATEMENT OF FACTS

15. Plaintiffs are five individuals who wish to associate with one another and with others for the purpose of running independent political advertisements that expressly advocate the passage of proposed Initiative 31 in the upcoming election on November 8, 2011.

16. Plaintiffs, a group of like-minded friends and neighbors, have been meeting regularly for a few years, as a group and with others, to discuss political and legal issues of the day. They have no formal organization or structure. They meet at their homes, at restaurants, and wherever else is convenient. They have no officers or directors, no bank account, and no member dues.

17. On various occasions, individually and as a group, Plaintiffs have been members of and worked with the student group Young Americans for Liberty and the Lafayette County Libertarian Party. They have also engaged in other political activities and activism, such as organizing rallies about political issues and publicly distributing

copies of the United States Constitution on Constitution Day, among others. To fund these activities, Plaintiffs have simply pooled their money, by "passing the hat" at meetings.

18.　　One issue Plaintiffs have discussed often and feel strongly about is private property rights, and, specifically, the impact on property rights of the power of eminent domain. Plaintiffs think it unconscionable that the government can take property from one person and give it to another—as the U.S. Supreme Court permitted in *Kelo v. City of New London,* 545 U.S. 469 (2005), one of the most controversial Supreme Court decisions of our time.

19.　　In the years since *Kelo,* many states have passed new laws aimed at curbing the use of eminent domain for private development. Three attempts at reform have been made in Mississippi, but have failed. Initiative 31, the fourth attempt at eminent domain reform, is on the ballot this November.

20.　　If passed, Initiative 31 would "amend the Mississippi Constitution to prohibit state and local government from taking private property by eminent domain and then conveying it to other persons or private businesses for a period of 10 years after acquisition," with certain exceptions.[1]

21.　　Plaintiffs have researched and discussed the initiative and eminent domain abuse at several of their meetings. Although Plaintiffs are not affiliated with the sponsors of Initiative 31 and played no role in placing it on the ballot, they strongly support the initiative and believe that it should be passed.

---

[1] Mississippi Secretary of State, Elections Division Proposed Ballot Summary of Initiative 31, *available at* http://www.sos.ms.gov/page.aspx?s=7&s1=1&s2=84.

6

22.     Toward that end, Plaintiffs wish to speak out, both as individuals and as a group, to convince other citizens of Mississippi to vote for Initiative 31. Specifically, they wish to pool their funds to purchase posters, buy advertising in a local newspaper, and distribute flyers targeted to Mississippi voters, urging them to vote for the passage of Initiative 31.

23.     To undertake these activities, however, Plaintiffs would have to register as a "political committee" under Mississippi's campaign finance laws and to comply with the administrative, reporting, and disclosure regulations that apply to such committees. This would include appointing a formal treasurer, filing a statement of organization, and filing regular reports with the State listing their names, addresses, occupations, and employers and the same information of anyone else who decides to add more than $200 to their cause.

<u>**Mississippi's Campaign Finance Laws**</u>

**Definitions**

24.     Mississippi's campaign finance scheme applies differently to groups and individuals depending on the type of election in which they wish to speak and raise and spend money.

25.     Under Mississippi campaign finance law, individuals and groups, like the Plaintiffs, who wish to speak out about voter initiatives that would amend the Mississippi Constitution must abide by those statutes set forth in MISS. CODE ANN. §§ 23-15-801 *et seq.*, and in MISS. CODE ANN. §§ 23-17-47 to -59.

26.     The following applies to individuals and groups, like the Plaintiffs, who wish to speak out about voter initiatives that would amend the Mississippi Constitution.

27.     State law defines a "political committee" as "any person, other than an individual, who receives contributions or makes expenditures for the purpose of influencing the passage or defeat of a measure on the ballot." MISS. CODE ANN. § 23-17-47(c). Initiative 31, which would amend the Mississippi Constitution, is a "measure." MISS. CODE ANN. § 23-17-1(c).

28.     "Contribution" is defined, in relevant part, as "any gift, subscription, loan, advance, money or anything of value made by a person or political committee for the purpose of influencing the passage or defeat of a measure on the ballot." MISS. CODE ANN. § 23-17-47(a).

29.     "Expenditure" is defined, in relevant part, as "any purchase, payment, distribution, loan, advance, deposit, gift of money or anything of value, made by any person or political committee for the purpose of influencing any balloted measure." MISS. CODE ANN. § 23-17-47(d).

30.     Under Mississippi law, groups that meet the definition of "political committee" must formally organize and register with the state once they raise or spend more than $200. MISS. CODE ANN. § 23-17-49(1).

31.     Under the above provisions, if Plaintiffs pool more than $200 of their own money in order to finance their speech and other activities in support of Initiative 31, they must formally register with the state as a "political committee." As a political committee, Plaintiffs would be subjected to the regulations that apply to political committees.

8

**Political Committee Regulations**

32.     Political committees that wish to speak out in support of initiatives to amend the Mississippi Constitution must file a statement of organization with the Secretary of State within ten days of receiving more than $200 in contributions or making more than $200 in expenditures. MISS. CODE ANN. § 23-17-49(1).

33.     The statement of organization must include, among other things, the name and address of the committee and all of its officers; the identity of the organization's director and treasurer; and a statement identifying the ballot measure that the committee aspires to support or oppose. MISS. CODE ANN. § 23-17-49(2).

34.     Any change to the information previously submitted in a statement of organization must be reported to the state in writing within ten days. MISS. CODE ANN. § 23-17-49(2).

35.     Once registered as a political committee, a group must file regular reports of all contributions received and expenditures made.  Committees must file pre-election reports, periodic reports every four years, and yearly reports in the three years between periodic reports. MISS. CODE ANN. § 23-15-807(b).

36.     Under MISS. CODE ANN. § 23-15-807(d), the pre-election, periodic, and annual reports must contain the following information:

        a.     the name, address, occupation, and employer for each person or political committee contributes more than $200 to the committee during the reporting period, along with the date and amount of the contribution;

9

     b.     the name, address, occupation, and employer of each person or entity to whom the committee makes an expenditure of more than $200, along with the date and amount of the expenditure;

     c.     the total amount of all contributions

     d.     the total amount of all expenditures; and

     e.     the total amount of cash on hand.

37.     In addition to the reports described above, political committees involved in voter initiatives must also file monthly financial reports. MISS. CODE ANN. § 23-17-51.

38.     Under MISS. CODE ANN. § 23-17-53(a) and (b), the monthly reports must contain the following information:

     a.     the total amount of contributions received and expenditures made during the month;

     b.     the cumulative totals of contributions received and expenditures made for each measure on which the committee spends funds;

     c.     the balance of funds for the beginning and the end of the month;

     d.     the total amount of contributions received during the month from persons who contributed $200 or more, along with the cumulative amount of that total for each measure; and

     e.     the name and street address of each person who made a contribution exceeding $200 during the month, together with the amount contributed, the date of receipt, and the cumulative amount contributed by that person for each measure.

39.     Political committees may terminate their operations only when they report to the State that they have no outstanding debts or obligations and will no longer receive any contributions or make any disbursements. Until that time, political committees must continue to file reports of their activities to the State.

### Regulations of Individuals

40.     Under Mississippi law, individuals who spend more than $200 to "influence[e] the passage or defeat of a measure" must also file monthly reports of their activities to the State. MISS. CODE ANN. § 23-17-51.

41.     As with a political committee, an individual's monthly report must contain, per MISS. CODE ANN. § 23-17-53(a) and (c), the following information:

a.     the name, address, and telephone number of the individual;

b.     the total amount of expenditures made during the month;

c.     a cumulative total of all expenditures for each measure;

d.     the name and address of each person to whom the individual has made more than $200 in expenditures, together with the amount of each expenditure;

e.     the total amount of contributions received during the month, the cumulative amount of that total for each measure, and the name and street address of each person who contributed more than $200.

42.     Like committees, individuals must continue to file monthly reports until they stop making expenditures or receiving contributions, except in all cases, they must file post election report within thirty days after the election.

11

### Criminal Penalties and Public Availability of Information

43.     All of the reports described above are preserved for five years and are publicly available. MISS. CODE ANN. § 23-15-805(d). The reports are also made available on the Secretary of State's website, http://www.sos.ms.gov/elections3.aspx

44.     Those who violate Mississippi's campaign finance laws are subject to a fine of $50 per day, up to a maximum of $500. MISS. CODE ANN. § 23-15-813. Willful violations are misdemeanors punishable by a fine of up to $3,000 and imprisonment of up to six months, or both. MISS. CODE ANN. § 23-15-811(a).

### Injury to Plaintiffs

45.     Plaintiffs wish to pool funds in excess of $200 and spend that money on speech that supports Initiative 31. Plaintiffs are ready, willing, and able to spend their collective funds on posters, flyers, and local media advertisements in support of the initiative. To do so, however, Plaintiffs would have to formally organize their group into a "political committee" under Mississippi law and comply with the regulations that apply to such committees or being subjected to Mississippi's individual reporting regulations.

46.     For example, a quarter-page advertisement in the local newspaper would cost approximately $383 for a single day. A half-page ad would cost $600 per day, and a full page ad would cost $1200 per day. As a result, Plaintiffs could not run even one small advertisement in the local paper without having to register as a political committee or being subjected to Mississippi's individual reporting regulations.

47.     Posters advocating for the passage of Initiative 31 would cost approximately $4 apiece. As a result, Plaintiffs, individually or as a group, could

purchase no more than 50 posters without being subjected to Mississippi's campaign finance laws.

48.    Flyers supporting the initiative would cost $0.20 apiece.    Thus, if Plaintiffs, individually or as a group, were to print flyers they would have to reduce their other advocacy for Initiative 31 to avoid being subjected to Mississippi's campaign finance laws.

49.    Plaintiffs are not experienced campaign organizers or politicians.    As a small, informal group of lay persons, Plaintiffs would have to spend a great deal of time reviewing and complying with the campaign finance laws and the regulations that apply to political committees and to them as individuals.    Plaintiffs engage in political activities in their spare time, so complying with these regulations imposes a significant burden on their ability to speak and associate and would reduce the amount of speech and political activities in which they could engage.

50.    The burden of complying with Mississippi's regulations is compounded by the fact that there are multiple statutes contained in different sections of the Mississippi Code that one has to wade through to figure out all the relevant registration, reporting, and disclosure obligations.    Specifically, individuals and groups, like the Plaintiffs, who wish to speak out about voter initiatives that would amend the Mississippi Constitution must abide those statutes set forth in MISS. CODE ANN. §§ 23-15-801 *et seq*., and in MISS. CODE ANN. §§ 23-17-47 to -59.

51.    The multiplicity of statutes creates traps for the unwary:

13

a.  For example, for the monthly reports, disclosure about an individual contributor is triggered only when the contributor gives more than $200 that month. If that same contributor gives less than $200 the following month, no individual disclosure is required. MISS. CODE ANN. § 23-17-53(b)(vii).

b.  However, the pre-election, periodic, and annual reports require disclosure about individual contributors when those contributors give more than $200 in a year. MISS. CODE ANN. § 23-15-807(d)(ii)(1).

c.  Thus, although Plaintiffs would not have to disclose in their monthly reports personal information about a person who contributed $67 each month, they would have to disclose that information in their pre-election, periodic, and annual reports if that person contributed $67 each month for three months (totaling $201).

52.     Although Mississippi maintains these separate provisions regulating individuals and political committees independently speaking about voter initiatives to amend the Mississippi Constitution, the Secretary of State's 2011 Campaign Finance Guide[2] offers no guidance to independent voter initiative committees about MISS. CODE ANN. §§ 23-17-47 to -59, and instead provides guidance to political committees only as to MISS. CODE ANN. §§ 23-15-801 *et seq.*

---

[2] *Available at:*
http://www.sos.ms.gov/links/elections/candidates_lobbyist_center/tab2/CampaignFinanceGuide.pdf

53.     Plaintiffs also object to the necessity of disclosing personal information, including their names, addresses, occupations, and employers, as a condition of raising and spending funds to support Initiative 31 and of speaking alone, as individuals. They further object to the requirement that they associate their employers with speech and political activities they wish to undertake as private individuals. They fear reprisals if their personal information is disclosed on a State website.

54.     Further, all of the Plaintiffs fear punishment for speaking if they accidentally fail to comply with Mississippi's very complex campaign finance laws.

55.     The plaintiffs have begun to purchase and distribute flyers and posters supporting Initiative 31 and will continue to do so until the election. However, they will carefully monitor their spending to make sure they stay below the $200 threshold. Thus, they will make fewer posters and fewer flyers and distribute these to fewer people than they would if they were not worried about having to comply with Mississippi's campaign finance laws.

56.     But for the registration, reporting, and disclosure requirements of MISS. CODE ANN. §§ 23-15-801 *et seq.*, and MISS. CODE ANN. §§ 23-17-47 to -59, Plaintiffs would purchase at least a one-quarter page advertisement, for at least a single day, close to the election. Plaintiffs would also engage in additional speech, including the purchase and distribution of more posters and flyers in and around the Oxford area than they will be able to right now under the $200 threshold.

57.     Mississippi's campaign finance laws contained in MISS. CODE ANN. §§ 23-15-801 *et seq.*, and MISS. CODE ANN. §§ 23-17-47 to -59, as well as the actions of

15

the Defendants in implementing and enforcing those provisions, substantially burden and chill Plaintiffs' and others' rights to free speech and association under the First and Fourteenth Amendments to the United States Constitution.

58. As a political committee or as individuals, Plaintiffs would also be compelled to collect and disclose information about any individuals who contribute more than $200 to their efforts. This requirement makes it impossible for Plaintiffs to accept contributions informally or to "pass the hat" for donations—as they have done in the past—to fund more speech.

59. But for the requirement that they collect detailed information about their contributors and report that information about those who contribute over $200 in the aggregate, Plaintiffs would accept contributions informally and continue to "pass the hat" for donations at their meetings.

60. By requiring political committees and individuals to report to the Secretary of State the identities, addresses, occupations, employers of anyone who contributes $200 or more, the disclosure requirements for political committees require Plaintiffs—and those who may wish to contribute to their efforts—to choose between their privacy and their rights to free speech and association. Plaintiffs are also concerned that some people who may want to contribute to their effort would not do so if it meant their name and address would be disclosed to the public and on the internet.

61. While Plaintiffs want to speak, individually and as a group, and associate to speak about ballot issues in the future, the burden and cost of complying with these requirements are making them—and will continue to make them—avoid doing so.

16

62.    Plaintiffs are all politically active. In addition to spending money on speech during this election cycle, they want to be able to spend their own money and associate freely with one another and with others and speak out in the future about ballot initiatives without fear or threat of being prosecuted or investigated for violating the campaign finance laws.

63.    In sum, and as described above, Mississippi's campaign finance laws create a significant chilling effect that has prevented—and continues to prevent—the Plaintiffs and other similarly situated groups from exercising their constitutional rights of free speech and association.

## CONSTITUTIONAL VIOLATIONS

### First Claim for Relief

### (First Amendment—Burdening Protected Speech: Registration, Reporting, and Disclosure for Groups)

64.    Plaintiffs incorporate and reallege the allegations in ¶¶ 1-63 of this complaint as though set forth in this section.

65.    Mississippi, through its campaign finance statutes, and the rules and regulations promulgated thereunder, imposes onerous registration, reporting, and disclosure requirements on groups that pool their money "for the purpose of influencing the passage or defeat of a measure on the ballot."

66.    Mississippi, through its campaign finance statutes, and the rules and regulations promulgated thereunder, imposes onerous registration, reporting, and disclosure requirements on groups that make expenditures "for the purpose of influencing the passage or defeat of a measure on the ballot."

17

67.     The registration, reporting, and disclosure requirements for political committees impose substantial compliance costs for groups that merely advocate the passage or defeat of a ballot issue. These costs are excessive in relation to any purported state interest.

68.     Both on their face and as applied to Plaintiffs, the registration, reporting, and disclosure requirements for political committees unconstitutionally burden and chill rights to free speech and association in violation of the First and Fourteenth Amendments to the United States Constitution.

69.     As a direct and proximate result of the registration, reporting, and disclosure requirements for political committees, Plaintiffs and others similarly situated have suffered and will continue to suffer irreparable harm to their constitutional rights. Plaintiffs have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from implementing and enforcing the political-committee provisions of MISS. CODE ANN. §§ 23-15-801 *et seq*., and MISS. CODE ANN. §§ 23-17-47 to -59, against groups who seek to influence the passage or defeat of a measure on the ballot, Plaintiffs and others similarly situated will continue to suffer great and irreparable harm.

### Second Claim for Relief

**(First Amendment—Burdening Protected Speech:
Reporting, and Disclosure for Individuals)**

70.     Plaintiffs incorporate and reallege the allegations in ¶¶ 1-63 of this complaint as though set forth in this section.

71.     Mississippi, through its campaign finance statutes, and the rules and regulations promulgated thereunder, imposes onerous reporting and disclosure requirements on individuals that that make expenditures to "influence[e] the passage or defeat of a measure."

72.     The reporting and disclosure requirements for individuals impose substantial compliance costs for individuals that merely advocate the passage or defeat of a ballot issue.  These costs are excessive in relation to any purported state interest.

73.     Both on their face and as applied to Plaintiffs, the reporting and disclosure requirements for individuals unconstitutionally burden and chill rights to free speech in violation of the First and Fourteenth Amendments to the United States Constitution.

74.     As a direct and proximate result of the registration, reporting, and disclosure requirements for individuals, Plaintiffs and others similarly situated have suffered and will continue to suffer irreparable harm to their constitutional rights.  Plaintiffs have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm.  Unless Defendants are enjoined from implementing and enforcing the individual reporting provisions of MISS. CODE ANN. §§ 23-17-51 and -53, Plaintiffs and others similarly situated will continue to suffer great and irreparable harm.

### Third Claim for Relief

### (First Amendment—Anonymous Speech: Reporting Requirement for Groups)

75.     Plaintiffs incorporate and reallege the allegations in ¶¶ 1-63 of this complaint as though set forth in this section.

76. Under MISS. CODE ANN. §§ 23-15-801 *et seq.*, and MISS. CODE ANN. §§ 23-17-47 to -59 and the rules and regulations promulgated thereunder, political committees must disclose the full name and address of all committee officers, and the name, address, occupation, and employer of each person who has made contributions greater than $200 in the aggregate within the reporting period, together with the amount and date of the contribution(s).

77. All reports filed with the Secretary are considered public records and the contents of those reports are made available on the Secretary's website.

78. Both on their face and as applied to Plaintiffs, the disclosure requirements for political committees burden and chill rights to anonymous speech and association under the First and Fourteenth Amendments to the Constitution of the United States by requiring Plaintiffs and others similarly situated to disclose their identities and their personal information as a condition of speaking and associating with others.

79. As a direct and proximate result of MISS. CODE ANN. §§ 23-15-801 *et seq.*, and MISS. CODE ANN. §§ 23-17-47 to -59, Plaintiffs and others similarly situated have suffered and will continue to suffer irreparable harm to their constitutional rights. Plaintiffs have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from implementing and enforcing the political-committee provisions of MISS. CODE ANN. §§ 23-15-801 *et seq.*, and MISS. CODE ANN. §§ 23-17-47 to -59, against groups who seek to influence the passage or defeat of a measure on the ballot, Plaintiffs and others similarly situated will continue to suffer great and irreparable harm.

### Fourth Claim for Relief

**(First Amendment—Anonymous Speech: Reporting Requirement for Individuals)**

80.　Plaintiffs incorporate and reallege the allegations in ¶¶ 1-63 of this complaint as though set forth in this section.

81.　Under MISS. CODE ANN. §§ 23-17-51 and -53 and the rules and regulations promulgated thereunder, individuals who spend in excess of $200 of their own money to advocate for or against a ballot measure must disclose their full name and address, as well as the name and address, of each person to whom expenditures totaling $200 or more were made, together with the amount of each separate expenditure to each person during the period covered by the financial report and the purpose of the expenditure.

82.　All reports filed with the Secretary are considered public records and the contents of those reports are made available on the Secretary's website.

83.　Both on their face and as applied to Plaintiffs, the disclosure requirements for individuals burden and chill rights to anonymous speech and association under the First and Fourteenth Amendments to the Constitution of the United States by requiring Plaintiffs and others similarly situated to disclose their identities and their personal information, as well as the identities and personal information of others they associate with as a condition of speaking and associating with others.

84.　As a direct and proximate result of MISS. CODE ANN. §§ 23-17-51 and -53, Plaintiffs and others similarly situated have suffered and will continue to suffer irreparable harm to their constitutional rights. Plaintiffs have no adequate legal,

administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from implementing and enforcing the individual reporting provisions of MISS. CODE ANN. §§ 23-17-51 and -53, Plaintiffs and others similarly situated will continue to suffer great and irreparable harm.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request relief as follows:

1.      For entry of judgment declaring that MISS. CODE ANN. §§ 23-15-801 *et seq.*, and 23-17-47 to -59, and the rules and regulations promulgated thereunder are unconstitutional on their face and as applied to the extent that they: impose registration, reporting, and disclosure obligations on groups that independently advocate the passage or defeat of ballot issues; and impose reporting, and disclosure obligations on individuals that independently advocate the passage or defeat of ballot issues.

2.      For entry of a temporary restraining order, a preliminary injunction, and a permanent injunction against the Defendants prohibiting the enforcement of these regulations, laws, rules, and policies;

3.      For an award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

4.      For such further legal and equitable relief as the Court may deem just and proper.

Dated: October 20, 2011.

Respectfully Submitted on Behalf of Plaintiffs,

| **WELLS MARBLE & HURST, PLLC** | **INSTITUTE FOR JUSTICE** |
|---|---|
| By: *Russell Latino III*<br>Russell Latino III<br>(MS Bar No. 102281)<br>P.O. Box 131<br>Jackson, MS 39205-0131<br>Tel: (601) 605-6900<br>Fax: (601) 605-6901<br>Email: rlatino@wellsmarble.com,<br>ljennings@wellsmarble.com | Paul V. Avelar<br>(AZ Bar No. 023078)*<br>398 S. Mill Avenue, Suite 301<br>Tempe, AZ 85281<br>Tel: (480) 557-8300<br>Fax: (480) 557-8305<br>Email: pavelar@ij.org<br><br>Steven M. Simpson<br>(DC Bar No. 462553)*<br>901 North Glebe Road, Suite 900<br>Arlington, VA 22203-1854<br>Tel: (703) 682-9320<br>Fax: (703) 682-9321<br>Email: wmellor@ij.org, ssimpson@ij.org<br><br>* Motions for admission *pro hac vice* to be filed |