IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
Western Division

GORDON VANCE JUSTICE, JR.; SHARON BYNUM;
MATTHEW JOHNSON; ALISON KINNAMAN AND
STANLEY O'DELL,

    Plaintiffs,

v.

DELBERT HOSEMANN, in his official capacity as
Mississippi Secretary of State; JIM HOOD, in his
official capacity as Attorney General of the State
of Mississippi,

    Defendants.

Civil Action No.
3:11-cv-00138-SA-SAA

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### EXPEDITED HEARING REQUESTED

Plaintiffs, by and through their attorneys, respectfully move this Court, under Federal Rule of Civil Procedure 65, for a temporary restraining order and a preliminary injunction enjoining the enforcement of Mississippi's campaign-finance laws that regulate independent political speech about ballot issues, which are found within MISS. CODE ANN. §§ 23-17-47 to -53, and 23-15-801, et seq., as applied to Plaintiffs. Plaintiffs request an expedited hearing on this Motion.

Attached hereto as Exhibit "A" are declarations signed by each of the respective Plaintiffs verifying the complaint in this matter. In support of this motion, Plaintiffs rely on the verified complaint. Attached hereto as Exhibit "B" is a certification of efforts made to give

notice to the opposing parties. A memorandum of law in support of this motion is being simultaneously filed.

In support of this motion, and as more fully set forth in Plaintiffs' memorandum of law, Plaintiffs state the following:

1. Plaintiffs Vance Justice, Sharon Bynum, Matt Johnson, Alison Kinaman, and Stan O'Dell are five individuals who want to pool their money to pay for posters, flyers, and newspaper advertising urging the public to vote for Initiative 31 in the upcoming election on November 8, 2011. Verified Compl. ¶¶ 8-12, 16-17, 22, 55-56.

2. As more fully explained in the supporting memorandum of law and the verified complaint, Plaintiffs cannot run their ad because of the unconstitutional burden imposed by Mississippi's campaign-finance laws. Verified Compl. ¶¶ 46, 56.

3. As more fully explained in the supporting memorandum of law and the verified complaint, Plaintiffs cannot purchase and distribute many posters and/or flyers because of the unconstitutional burden imposed by Mississippi's campaign-finance laws. Verified Compl. ¶¶ 47-48, 56.

4. Plaintiffs wish to engage in core political speech but are prohibited from doing so unless they comply with Mississippi's campaign-finance laws. Verified Compl. ¶¶ 22-23, 31, 40.

5. But for these laws, all of the Plaintiffs would be engaging in more speech right now about important political matters in Mississippi. Verified Compl. ¶¶ 55-56, 59.

6. As more fully explained in the supporting memorandum of law, Plaintiffs wish to exercise their fundamental rights to speech and association and are likely to succeed on the merits of their claims against Defendants.

7. As more fully explained in the supporting memorandum of law, because Plaintiffs' speech concerns ballot issues and is made independently of any political candidates, Defendants cannot constitutionally regulate their speech.

8. As more fully explained in the supporting memorandum of law, Plaintiffs will suffer irreparable harm without the issuance of injunctive relief. As a direct result of Mississippi's campaign-finance laws, Plaintiffs cannot advocate the passage of Initiative 31 without first registering with the government. Furthermore, Plaintiffs would then be subjected to burdensome administrative and reporting provisions, funding and expenditure restrictions, and compelled disclosure requirements. Failure to submit to these laws exposes them to civil or even criminal punishment. Verified Compl. ¶¶ 24-63.

9. As more fully explained in the supporting memorandum of law, an injunction will not substantially injure others, because it will not compel the State to take any action or obligate any resources, and because the State has no legitimate interest in the continued operation of an unconstitutional law. An injunction is in the public interest because it will permit Plaintiffs to exercise their fundamental rights to free speech and association, thereby contributing to the marketplace of ideas.

3

Plaintiffs also request that the Court waive the bond requirement under FED. R. CIV. P. 65(c) because this is a public-interest lawsuit and a temporary restraining order and preliminary injunction present no monetary risk to Defendants or the State.

Dated: October 20, 2011

Respectfully Submitted on Behalf of Plaintiffs,

| **WELLS MARBLE & HURST, PLLC**<br><br>By: /s/ Russell Latino III<br>Russell Latino III<br>(MS Bar No: 102281)<br>P.O. Box 131<br>Jackson, MS 39205-0131<br>Tel: (601) 605-6900<br>Fax: (601) 605-6901<br>Email: rlatino@wellsmarble.com<br>ljennings@wellsmarble.com | **INSTITUTE FOR JUSTICE**<br><br>Paul V. Avelar<br>(AZ Bar No. 023078)*<br>398 S. Mill Avenue, Suite 301<br>Tempe, AZ 85281<br>Tel: (480) 557-8300<br>Fax: (480) 557-8305<br>Email: pavelar@ij.org<br><br>Steven M. Simpson<br>(DC Bar No. 462553)*<br>901 North Glebe Road, Suite 900<br>Arlington, VA 22203-1854<br>Tel: (703) 682-9320<br>Fax: (703) 682-9321<br>Email: wmellor@ij.org, ssimpson@ij.org<br><br>* Motions for admission *pro hac vice* to be filed |
|---|---|

4