UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GORDON VANCE JUSTICE, JR., ET AL.**                               **PLAINTIFFS**

**v.**                                                              **CIVIL CASE NO. 3:11CV138-A-A**

**DELBERT HOSEMANN, ET AL.**                                        **DEFENDANTS**

### Secretary of State Delbert Hosemann and Attorney General
### Jim Hood's Motion for Summary Judgment

Secretary of State Delbert Hosemann and Attorney General Jim Hood file this motion for summary judgment. Mississippi, along with the federal government, other states, and many localities, requires individuals or groups who seek to directly influence voters for or against ballot measures or candidates to disclose certain basic information about themselves, the money they raise, and their expenditures. Campaign disclosure requirements are the primary tool that states have to shed the cleansing light of sunshine on direct attempts to influence voters. The United State Supreme Court has long recognized both the importance and constitutionality of disclosure requirements. "[P]rompt disclosure of expenditures," especially since the "advent of the Internet," provides a "transparency [that] enables the electorate to make informed decisions and give proper weight to different speakers and messages." *Citizens United v. Fed. Election Comm'n*, 130 S.Ct. 876, 916 (2010). "Public disclosure . . . promotes transparency and accountability in the electoral process to an extent other measures cannot." *Id*. at 916; *Doe v. Reed*, 130 S.Ct. 2811, 2837 (2010) (Scalia, J., concurring) ("Requiring people to stand up in public for their political acts fosters civic courage, without which democracy is doomed."). While Plaintiffs argue that disclosure and transparency are impermissible burdens, the Supreme Court has found the burden to be minimal and greatly outweighed by the benefit to society: "[i]t is undoubtably true that public disclosure of contributions to candidates and political parties will

deter some individuals who otherwise might contribute," but "disclosure requirements certainly in most applications appear to be the least restrictive means of curbing the evils of campaign ignorance and corruption." *Buckley v. Valeo*, 424 U.S. 1, 68 (1976).

This Court's November 2011 opinion denying Plaintiffs' preliminary injunction motion thoroughly analyzed the relevant case law and held that, as a matter of law, Mississippi's disclosure statutes are constitutionally permissible. The Court found that the statutes satisfy the applicable "exacting scrutiny" because the State Defendants had "demonstrated an information interest that is at least 'important,' if not compelling, and the disclosure laws here are substantially related to that interest." *See* P.I. Op. at 22. There has been no intervening change in the law undermining this Court's previous findings. In fact, since this Court's opinion last year additional courts have found states to have important governmental interests in enacting reporting and disclosure requirements for ballot measure elections.

In denying Plaintiffs' preliminary injunction motion, this Court relied on, among other cases, *ProtectMarriage.com v. Bowen*, 599 F.Supp.2d 1197 (E.D.Cal. 2009), which denied a motion seeking to enjoin California's $100 disclosure threshold. As did the *Bowen* court, this Court is now considering the State's motion for summary judgment. In granting California's motion for summary judgment, the *Bowen* court restated its findings from the denial of the preliminary injunction and noted that "Plaintiff has not provided any case law or new factual data indicating that the legislative decision in this case was 'wholly without rationality' . . . or [that] this Court [was] incorrect in upholding $100 disclosure requirements." *Id*. at 950. Such is the case here. Summary judgment is warranted because neither the law nor the facts have changed since this Court's November 2011 decision.

For the reasons set forth above and in the accompanying memorandum of authorities, summary judgment should be granted to the State Defendants and the case dismissed in its entirety.

| | |
|---|---|
| Exhibit A | Mississippi's Statement of Organization for a Political Committee form |
| Exhibit B | Mississippi's Political Committee Report of Receipts and Disbursements Initiative Monthly Report from |
| Exhibit C | Mississippi's Form for itemized contributions supplied by the Secretary of State |
| Exhibit D | Mississippi's Form for itemized disbursements supplied by the Secretary of State |
| Exhibit E | Mississippi Secretary of State Press Release: October 25, 2010 - Eminent Domain makes the 2011 Ballot |
| Exhibit F | Oregon Statement of Organization for Petition Committee form |
| Exhibit G | Montana Form C-2, Statement of Organization |
| Exhibit H | Montana Political Committee Financial Report Form C-6 |
| Exhibit I | Montana's Accounting & Reporting Manual for Political Committees |
| Exhibit J | Massachusetts Campaign Finance Guide |
| Exhibit K | Massachusetts Statement of Organization |
| Exhibit L | Massachusetts Ballot Question Committee Finance Report |
| Exhibit M | Massachusetts Report of Ballot Question Expenditures |
| Exhibit N | Ohio Campaign Finance Handbook |
| Exhibit O | North Dakota Campaign Finance Disclosure Requirements |
| Exhibit P | North Dakota Campaign Contribution Statement |
| Exhibit Q | Ohio Campaign Finance Handbook Administrative Rule at C-10, C-11 |

| | |
|---|---|
| Exhibit R | Ohio Independent Expenditure Form |
| Exhibit S | Mississippi Dept. of Wildlife, Fisheries and Parks License Application |
| Exhibit T | Mississippi Driver's Application |
| Exhibit U | Bank Account Application |
| Exhibit V | Gym Application |
| Exhibit W | Classified Advertisement On-Line Form |
| Exhibit X | Initiative 31 Pamphlet supplied by the Mississippi Secretary of State |
| Exhibit Y | Mississippi Firearm Permit Application |
| Exhibit Z | Mississippi Motor Boat Registration Application |
| Exhibit AA | Washington Independent Expenditure Ads & Electioneering Communications |
| Exhibit BB | Washington's Campaign Disclosure Instructions |
| Exhibit CC | Associated Press Story, October 25, 2011 - Eminent domain initiative to be on November 2011 ballot |

THIS the 16th day of November, 2012.

BY: **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

BY: <u>S/Harold E. Pizzetta, III</u>
Harold E. Pizzetta, III (Bar No. 99867)
Assistant Attorney General

*Counsel for Mississippi Secretary of State Delbert Hosemann and Mississippi Attorney General Jim Hood*

Office of the Attorney General
Post Office Box 220
Jackson, MS 39205-0220

Telephone: (601) 359-3680
Facsimile: (601) 359-2003
hpizz@ago.state.ms.us

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document has been filed electronically with the Clerk of Court using the Court's ECF system and thereby served on the following persons:

Russell Latino, III
Post Office Box 131
Jackson, MS 39205-0131
rlatino@wellsmarble.com

Paul V. Avelar
398 S. Mill Avenue, Suite 301
Tempe, AZ 85281
pavelar@ij.org

Steven M. Simpson
901 North Glebe Road, Suite 900
Arlington, VA 22203-1854
ssimpson@ij.org

THIS the 16th day of November, 2012.

                                                  S/Harold E. Pizzetta, III
                                                  Harold E. Pizzetta, III