IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GORDON VANCE JUSTICE, JR., et al.                                    PLAINTIFFS

V.                                                 CAUSE NO.: 3:11-CV-138-SA-SAA

DELBERT HOSEMANN, in his official
capacity as Mississippi Secretary of State;
JIM HOOD, in his official capacity as
Attorney General of the State of Mississippi                         DEFENDANTS

ORDER DENYING MOTION TO ALTER OR AMEND

Presently before the Court is Defendants' Motion to Alter or Amend Judgment [82]. Although Defendants contend that such amendment is sought to "alleviate any possible confusion as to whether all claims of the parties have been fully and finally resolved," they have pointed to no issues remaining for further adjudication. On September 30, 2013, this Court entered its Order Granting Summary Judgment [78]. That decision disposed of all claims by all parties before the Court, granting judgment in favor of Plaintiffs as to all claims for relief except those for which the Court determined Plaintiffs lacked standing. See Askanase v. Livingwell, Inc., 981 F.2d 807, 810 (5th Cir. 1993) (internal citations omitted) ("A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"). That same day, the Court additionally entered a Memorandum Opinion [79] articulating the grounds for that decision.

The Court's Order Granting Summary Judgment [78] is either an appealable final decision or it is not; the Court refuses to enter another superfluous judgment "out of an abundance of caution." The previously entered Order Granting Summary Judgment is a judgment, consistent with the requirements of Rules 54(a) and 58(a). Defendants have now filed both a Notice of Appeal and a Motion to Alter or Amend Judgment. Plaintiffs, on the other

hand, have acknowledged that judgment was entered on September 30, 2013 and have sought an extension for the filing of their Bill of Costs and motion for attorneys' fees. No clarification will be achieved in this case through entry of a subsequent judgment.

This Court entered summary judgment in this case September 30, 2013. The date of that judgment is significant indeed. It affects not only Defendants' right to appeal, but also Plaintiffs' claims for costs and attorneys' fees, and this Court's discretion to continue to exercise jurisdiction over this matter. Entering a "final judgment" here—just in case—would provide no clarity regarding the deadlines, but would instead only further confuse the issue. The Court therefore denies Defendants' request.

SO ORDERED, this the 22nd day of October, 2013.

                                                     **/s/ Sharion Aycock**
                                                    **U.S. DISTRICT JUDGE**