IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GORDON VANCE JUSTICE, JR., et al.                                    PLAINTIFFS

V.                                                    CAUSE NO.: 3:11-CV-138-SA-SAA

DELBERT HOSEMANN, in his official
capacity as Mississippi Secretary of State;
JIM HOOD, in his official capacity as
Attorney General of the State of Mississippi                          DEFENDANTS

ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEYS' FEES

Presently before the Court is Plaintiffs' Motion for Attorneys' Fees [85] brought pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54(d)(2). Therein, Plaintiffs contend that they are entitled to approximately $165,000 in attorneys' fees and costs, but request additional time to provide evidentiary support for that estimation. In response, Defendants point out that any such extension will "likely mean that briefing of the fee application will occur at the same time the parties are drafting their appellate briefs." As such, Defendants conclude that the most prudent course of action may be to delay resolution of the motion until the present appeal is resolved. In response, Plaintiffs express no objection to such course of action.

Under Rule 54(d)(2), a claim for attorneys' fees must be made by motion no later than fourteen days after the entry of judgment unless otherwise ordered by the district court. FED. R. CIV. P. 54(d)(2)(B). According to the Fifth Circuit, the Rule's purpose assures timely notice of a party's claim for fees and may additionally "allow the district court to make its fee ruling in time to allow appellate review at the same time as review on the merits." United Indus., Inc. v. Simone-Hartley, Ltd., 91 F.3d 762, 766 (5th Cir. 1996). The court is not required to resolve the

issue before the appeal is decided, however, and may instead opt to "defer its ruling on the motion [] or [] deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." FED. R. CIV. P. 54 advisory comm. nn.; see also Art Midwest, Inc. v. Clapper, 2004 WL 877613, at *1 (N.D. Tex. Apr. 20, 2004) (adopting recommendation of U.S. magistrate judge to deny rule 54 motions without prejudice to renewal after disposition of appeal on the merits); Rau v. Apple-Rio Mgmt. Co., Inc., 2000 WL 35591645, at *12 (N.D. Ga. March 29, 2000) ("[I]f one or both of the parties appeal. . . . , it may be more efficient to defer ruling on additional fees and expenses until after the appeal is resolved."). Where timely and efficient resolution of the issue does not appear immediately feasible, delaying ruling on such motion may prove particularly prudent. See Rau, 2000 WL 35591645, at *12.

In the case at bar, the fee dispute will not be decided in time to be simultaneously considered by the Court of Appeals alongside the merits of this case, nor will this Court's resolution of the issue in any way aid the Fifth Circuit's separate inquiry. Accordingly, the Court agrees with the parties, and finds that the most prudent course of action at this juncture is to delay ruling on the collateral issue of attorneys' fees and costs until the appeal is completed. The Court therefore denies Plaintiffs' motion [85] without prejudice to their right to re-file such motion no later than fourteen days after the judgment of the Court of Appeals is entered on the docket of the United States District Court for the Northern District of Mississippi.

SO ORDERED, this the 19th day of June, 2014.

    /s/ Sharion Aycock\
    U.S. DISTRICT JUDGE